Good morning, your honors. My name is Phil Payne. I represent Valentino Wilbourn and I hope that my argument will be no longer than 10 or 12 minutes. Okay, very good. Good morning, your honors. This is the state's attorney John Walters representing the people of the state of Illinois and I expect to take about the same amount of time. Okay, we have a little matter. Wait one second. Mr. Walters, the state appellate defender has filed a motion to cite supplemental authority People v. Robinson. Have you received a copy of that case? Counsel called me this morning. He faxed over a copy this morning. I regret to say it isn't enough time for me to fully engage and analyze the case, but counsel did make me aware of the case this morning. So do you feel comfortable arguing because this court is inclined to give and leave to file it. Are you prepared, you are not prepared to respond to it? I would respectfully request the opportunity to respond in writing to the motion. Okay, how much time do you need? By the end of this week. I just need to sit down, read the case, read his motion thoroughly, find out why he finds the case relevant and respond to it accordingly. Okay, I will give you seven days. I would greatly appreciate that. Do you need any time to reply, Mr. Payne? If this court doesn't have any objections, I would happily take another week or a few days. You only get seven days. I can do it in three if you are unhappy. Well, that's even better. Okay, Mr. Payne, you proceed with your argument. Good morning, Your Honors, and may it please the Court. As I said, my name is Phil Payne. I'm from the Office of the State Appellate Defender on behalf of Valentino Wilborn. Now, Mr. Wilborn has presented two issues for this Court's review. Both of them concern the elevation of his classification of offense from the baseline Class III version of unlawful use of a weapon by a felon up to the enhanced version of Class II, which is nonprobationable. The basis for that enhancement was his prior forcible felony of aggravated battery. I'll direct my remarks towards the issue raised in the supplemental brief, which concerned the notice provision codified at Section 111-3C of the Code of Criminal Procedure, but if this Court has questions about the double enhancement issue, I'd be happy to answer those questions. Before we get there, why have you, has your client not waived his right on this issue because it wasn't raised in the trial court? Well, Your Honor, Mr. Wilborn did waive this issue in the trial court, or he forfeited the issue by not raising it in a post-sentencing order or objecting to it at sentencing. But because this issue concerns the elevation not just of the length of his sentence but of the classification of his offense, it implicates his substantial rights and is reviewable under plain error. But Reed makes it very clear that a defendant must file a post-trial motion and raise the sentencing issue. Yes, Reed is very clear that in order to preserve this issue, Mr. Wilborn had to include it in the post-sentencing motion. So why should we excuse him at this point in time? Because, Your Honor, the prior cases from this Court, like People v. Owens and People v. Carmichael, have found that when a defendant's sentence is enhanced from one class to the next, it is reviewable under plain error. That's because it affects his substantial rights. But those cases directly conflict with Reed, don't they? They don't conflict with Reed because what Reed is saying is in order for, to review the case as a preserved error and not have to go through the avenue of plain error, either through closely balanced or through substantial rights test, a defendant must preserve it. Do you make a plain error argument in your brief, counsel? Yes, we make a plain error argument in both our opening brief and our supplemental brief, that this was the elevation of his offense, absent notice that the State under such an elevation constituted an impermissible double enhancement, those errors qualified as plain error. So with respect to the notice provision, this case really involves whether Section 111-3C, the notice provision, applies to the unlawful use of a weapon by a felon statute. Let's take a look at the language of that statute. That statute says that if the State wishes to use a prior conviction as the sole basis to enhance a defendant's sentence, then the State has to provide the defendant with notice that it intends to seek that sentence enhancement. And it also has to set out in the charging instrument the prior conviction that enhancement will be based on. And in drafting 111-3C, the legislature was very clear in what an enhanced sentence meant. And if I may read, Section 111 says, for purposes of this section, enhanced sentence means a sentence which is increased by a prior conviction from one classification of offense to another higher classification of offense. And that's exactly what happened in this case. Mr. Wilborn was charged with unlawful use of a weapon by a felon. The indictment against him alleged or set out the prior conviction that charge was based on, but it did not give notice that the State intended to seek an enhanced sentence. That was a requirement under the notice provision, so that means that the State was limited to pursuing a Class III conviction, which was probationable against Mr. Wilborn. Not until sentencing did the State demonstrate a desire to seek that enhanced sentence. And because that notice came too late, the violation under notice provision precludes the imposition of a Class II sentence on Mr. Wilborn. Two recent cases from this court speak to the application of this notice provision, two situations that are virtually identical to this. Those cases are People v. Easley and People v. Wallen. In those cases, the appellate court said that while there's no impermissible double enhancement that happens in this situation, the State is still required to meet the notice requirement under the notice provision. And because it didn't set out in the charging instrument an intent to seek that enhanced sentence, the Court couldn't impose a Class II sentence on the defendant. The same logic, the same reasoning, the same rule applies in this case. Now, the State wishes to use People v. Powell in order to somehow defeat the notice provision, but it's important to note that in People v. Easley, the offering justice of People v. Powell concurred in the judgment in Easley. And in Easley, the Court found that even though there was no impermissible double enhancement under Powell, there was still a violation of the notice requirement under Section 111-3C. So despite the State's attempt to make a conflict between Powell and Easley, the offering justice of Easley itself didn't view any conflict to exist. The State argues that the information put the defendant on notice in and of itself. Why isn't that sufficient? Because the indictment needs to state under this plain language of the notice provision not only the prior conviction that the UUW felon charge will be based on. The State met that burden in this case, or met that requirement. What it didn't do is put the defendant on notice that the State would intend to seek the enhanced sentence. And that's specifically laid out as a requirement under mandatory language, shall language in the notice provision, that the State has to give that notice that it will intend to seek an enhanced sentence. Its failure to do so under Easley and under Whalum dictate that the State couldn't pursue the Class II conviction. With respect to the issue of prejudice, I just want to touch on this briefly. There was nothing defective per se about this indictment. The indictment laid out a perfectly fine charge for unlawful use of a weapon by a felon. But it was a Class III indictment. What it wasn't was an indictment that would make the defendant susceptible to a Class II conviction. So there's nothing defective about this indictment. It simply limited the State to pursuing a Class III conviction for UUW felon against Mr. Wilborn, rather than seeking the sentencing enhancement to elevate him to a Class II conviction. So if this Court doesn't have any further questions, I'll save a few minutes for rebuttal. I'm just trying to figure out why if this was so, why wasn't it brought up at the trial court? Because apparently it was not a surprise as far as what the sentencing was at that time. It wasn't a surprise. It was actually at the sentencing hearing, the defense counsel appeared to act under the same erroneous conception of the law as the State and the Court, that this was a proper elevation of the classification of offense that could be made just at sentencing. Everyone missed the boat on this notice requirement. Not just the defense, but the State did in failing to notify Mr. Wilborn in the indictment. And the boat is easily the boat. I'm sorry? Easily is the boat. Easily is the boat. Whalum is the boat. And frankly, the notice provision that has been on the books for a long time and clearly lays out the notice requirement that applies in this case, it's the boat. I would submit that that statute is the boat and its application in this case is crystal clear. So unless there are any further questions, I will save a few minutes for rebuttal. Thank you, Your Honor. Thank you, Counsel. May it please the Court. The important news that this Court needs to be brought to speed upon is that the case of People v. Easley, the PLA was actually granted this morning by the Illinois Supreme Court. So that renders the issues that are before this Court, they're actually now before the Illinois Supreme Court. The Illinois Supreme Court took our PLA in Easley, as well as Whalum. In Whalum, they are holding Whalum in abeyance while they rule on the Easley case. So this entire issue, both issues, frankly, are going to be before the Illinois Supreme Court. So you're suggesting that the Supreme Court might preempt us, whatever we do? I do indeed, Your Honor. Proceed. With respect to the argument before you, there's basically two points I want to make to you. First of all, this is UUW by a felon. That prior conviction is an element, a necessary element to the crime. There is absolutely no doubt under the law that that's a fact. Now, knowing that, knowing that, let's look at Section 111.3. Because this statute absolutely answers the question in this case. You know, sometimes there's an easier answer to the Gordian Knot than trying to stand there and try to unravel it. Sometimes there's an easier solution. And all we have to do is look at the plain language. If we look at the plain language of Section 111.3, we look at Section A. A is a section that's applicable to the elements of the crime. And it states what must be spelled out in the information in this case as to the elements of the crime. The prior felony in this case was an element to the crime. And there is no question, it's cited in the brief before you, and you have the information in the common law record. There's no question that that prior element, that necessary element, is charged in this case. Now, let's turn to 111.3c. This case, this section is absolutely inapplicable. How do we know that? Well, we could look at the first sentence and the first sentence only and get confused and maybe get concerned about what an enhanced sentence is and whether this is an enhanced sentence or not. We could spend a lot of time on that. Or we could solve the Gordian Knot by just going to Sentence 2. And what does Sentence 2 say? And if you don't mind, Your Honors, I'm going to read it to you. If you don't have it in front of you, because this absolutely decides the case. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense. Uh-oh. 111.3c, by its explicit terms, doesn't apply to a case, a situation, where the prior conviction is a necessary element of the crime, as it is specifically in the UUW by felon case. Now, the prior cases, other than Weasley and Whalen, decided by the same court, other than those two cases, the only other cases that defendants cited to you are Class X sentencing cases. It makes perfect sense. In the Class X sentencing situation, the prior convictions are not elements of the crime. They wouldn't qualify under 111.3a because they're not elements of the crime. The defense wouldn't be put on notice in a Class X sentencing situation. 111.3c is the perfect resolution for the Class X sentencing problem. It puts the defense on notice what the prior convictions are going to be and puts the defense on notice that Class X sentencing is in play. Yes, Your Honor. But the language that the statute also provides, that the charge shall also state the intention to seek an enhanced sentence and shall state such prior convictions so as to give notice to the defendant. Are you suggesting that we ignore that language in the statute? I'm suggesting that you can't read the first sentence without the second sentence. It is mandatory in interpreting statutory language that you not read out other provisions in the statute. You have to read these both sentences together, and you also have to read them in conjunction with 111.3a. Does the state admit that they didn't give notice to the defendant as required by the statute? Do you concede that? My answer to that, Your Honor, is that we gave the proper notice under 111.3a, that we complied with 111.3a and we complied with the law. So you gave the notice required by Section 511.3c? That's your position? No, that we gave 111.3a.3, setting forth the nature and elements of defense charge. 111.3c, you gave the notice required by that section of the statute? Your Honor, 111.3c is not applicable to this offense. But the question is whether it's applicable or not. You didn't give that notice. That's the question. Well – I mean, you can say that it's inapplicable so you don't have to give it, but – I would argue, I would argue that under the circumstances, under the circumstances it could be said that we did give the notice because we gave – under the circumstances, under the circumstances of the prior conviction, we spelled out the forcible felony nature of the prior conviction. So counsel – so the defense was put on notice, not only that they were facing a prior conviction, what that prior conviction was, but also the forcible felony aspect of that prior conviction. Counsel, does the charging instrument state the state's intention to seek an enhanced sentence, yes or no? Does it say that? It doesn't have that expressed language in it. It doesn't say we seek to and intend to enhance the sentence. It doesn't say that. I believe – I believe you're absolutely right, Your Honor. So how do you reconcile the sentence that we're talking about, the charge of also – so the word also means something. That means – also means in addition to, you would agree. So there has to be – how do you read that sentence with your sentence? How do you reconcile those two? Because if we follow what you're saying, it seems to me that you're saying that the word also, it shall also, has little or no meaning at all. No, Your Honor. What I'm saying is that looking at the legislative intent of this statute as a whole, interpreting the statute as a whole, I wouldn't say that it has no meaning, but I would say that you have to look at 111.3c and what the legislative intent is, and you have to look as well at 111.3a, which is what applies here. But we can't read out the sentence that the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction. We can't read that out. That sentence is there, right? It is there. Under legislative interpretation, and that sentence precedes the sentence you talked about. So it has some sort of meaning. And so what I'm trying to reconcile is what you're saying, because somehow these two have to be reconciled. It wouldn't make any sense to give something and then they take everything away in the however clause. Maybe the however clause means something different than what you're saying. And if it doesn't, then I'm trying to understand what the preceding sentence that I'm talking about means. I think, again, looking at the statute as a whole, this 111.3c, notwithstanding the shall also language, I mean, what you're running into then is a train wreck if you go head-on collision with the these are not elements of the crime. If you read that to interpret that to mean all situations where anything qualifies as enhanced has to be charged, then it runs right into the train wreck. So rather than create an unnecessary collision in this case, what I'm suggesting to your honors is that the more logical approach is to look at 111.3a that applies specifically to the elements of the crime. This is an element of the crime. It did comply with 111.3a. And that 111.3c, the legislative intent of 111.3c is to deal specifically or almost specifically with the class X sentencing situation. It doesn't say that. It doesn't say that at all. It doesn't limit it to class X sentencing. It could be clear. Sometimes our General Assembly could be clear. Wait, wait, it doesn't say it at all. Where do you find that? Well, I find it by looking at 111.3a. But I'm looking at, even if you look at 111.3a, how does that deal with class X felony? I don't understand how 111.3c is exclusively as you. Not exclusively. But I think it's a clear intent to deal with the situation where the element, the enhancing element is not an element to the crime. So what do we do then? How do we give the defense notice in that case? That's why 111.3c was created. That's the intent behind it. It's such a clear intent. Why are we arguing? Because it's not clear. So, you know, if that was the intent of the legislature, they should have said that. So, I mean, again, your argument in your brief is that regarding the notice, that by extension the defendant should have known. By extension means that had to be said. It wasn't specifically said with regard to 111.3c. So, again, you seem to be implying that these things should be known in the atmosphere rather than looking at the words in the statute. Well, with due respect, the relevant statutory provision was cited in the information, 24-1.1, or 24-1.1 was cited, and the defendant was actually put on notice as to what the prior conviction was going to be. This is my point. In the classic sentencing situation, the defendant without 111.3c is left without any knowledge at all of what's coming. And that's why the General Assembly crafted 111.3c. That's why all these other cases that defendants cite, too, like Owens and Chaney and Graham, all these other cases are classic sentencing cases, and they're a perfect example of why 111.3c was created. It's created to give the defendant some sort of notice. But our defendant in this case, in a UUW by felon case, is given notice under 111a. And that's why up to this point, until Whalum and Eesley, there wasn't an issue. Now, Whalum and Eesley come down. Now, those cases, of course, are now before the Illinois Supreme Court. Those are the only two cases to disagree with, to take a position other than mine. Now, the defendant says something interesting about Graham. But that wasn't an issue in any other case prior to that. Why not? Well, you said, you know, you pointed out, we're arguing now, but up until Whalum and Eesley, which were, what, three or four months old? Right. Up until then, there wasn't an issue at all. I think precisely because the language is as plain as I'm saying. Well, maybe, or maybe people just have missed it, because it seems to me that there are always new issues that you bring up and that the defense attorneys bring up. And respectfully, I don't think that Whalum and Eesley courts, sometimes we miss things. They obviously didn't analyze the second sentence of 111.3c. It's not anywhere in the discussion of those two cases. They obviously overlooked it. It happens. We're all human. I'm not trying to pick on them. It's the same court that decided both cases. I'm not trying to pick on them. We're all human. But they overlooked it. And that's something that the Illinois Supreme Court is definitely going to have to look at. When you look at a statute, you've got to look at the whole darn thing. You can't just take one sentence and forget about the rest of it. You state in your brief that the Whalum and the Eesley case are directly in conflict with Powell. Yes. I don't understand that, because there's nowhere in Powell. Is there any discussion of 111.3c? No. It's a little bit more esoteric than that. It's not an explicit discussion of 111.3c. In some ways, Eesley follows Powell with respect to the first issue that a defendant brought up. Eesley follows Powell. With respect to the issue, though, of whether something qualifies as an enhanced sentence, Powell had a certain understanding of how the UUW, by felon statute, fits in with enhanced sentences. And under Powell, the reasoning in Powell was that it does not qualify as an enhanced sentence. First of all, if we look at Jackson, there's no enhancement, really. Because this isn't like aggravated UUW. There's a major distinction between aggravated UUW and UUW by felon. And that goes back to the first thing I said. In UUW by felon, the prior conviction is a necessary element of the offense. It has to be proved right away. That's not the case with aggravated UUW. It's not the case with a lot of other offenses. So UUW by felon is not an enhanced version of UUW, straight UUW. They're separate and distinct offenses, as explained by the court in People v. Jackson. Now, People v. Powell came along, and it said there's no double enhancement. And we don't really, following the logic of Jackson, it's really not an enhanced sentence situation. Now, again, the Powell court didn't, I don't think specifically looked at the statute the way that I'm asking you to, the way that it seems very clear to me. I don't know that the Powell court did. But what the Easley court did then instead was disagree. They said, oh, no, this qualifies as an enhanced sentence because it raised, there's a base sentence of Class III, and we're going to enhance it up to Class II with the prior conviction being a forcible felony. So the Easley court disagreed with the Powell court, even though it's the same panel of justices, or almost the same panel of justices. They disagreed with the idea of whether this was an enhanced sentence or not. The Powell, the implication is that it's not an enhanced sentence. In fact, they come right out and say the prior conviction simply differentiates between the two classes, Class III and Class II. It's not an enhancement from Class III to Class II. It's not a two-step process. They're very explicit about that. Well, they didn't, since they didn't discuss 113C. Yeah, right. Right. So there wasn't an issue at the time. There wasn't an issue then. It hadn't been an issue until Waylam and Easley, three or four months ago is when that issue came up. For the reasons that I set out, too, based on Powell and based on Jackson, 1113C is not applicable. And even if it is applicable, this doesn't qualify as an enhanced sentence under Powell. I humbly submit to you that the cases of Waylam and Easley are wrongly decided, and, again, that particular issue will be decided by our Illinois Supreme Court. Unless there's any questions, I would respectfully request this Court to affirm defendants' convictions and sentences in this case. Thank you, Mr. Walters. Thank you. Mr. Payne. Briefly, Your Honors. First, I want to just discuss the interaction between Easley and Powell. Obviously, as counsel just pointed out, PLA has been connected to Easley, but that remains good law in this district and in this state until and less than until the High Court overrules it. With respect to Powell and Easley, nowhere in the Easley decision does that court disavow the reasoning of Powell. Actually, what Easley does is it synthesizes the reasoning of Powell and its rejection of the impermissible double enhancement argument with the notion that the notice requirement still applies to cases like this one. If you read Easley, that's exactly what it says. It doesn't find any conflict between Powell's reasoning and the application of the notice requirement in this kind of case. The state points to the second line of the notice provision as proof that the notice provision doesn't apply in this case. But first, I want to point out that Easley and Whalum, which are still good law, come to an opposite conclusion. 111-3C does apply to a case like this. Second, and perhaps more importantly, I agree with the state that a prior conviction is an essential element of the offense of unlawful use of a weapon by a felon. And the state did in this case properly plead that Mr. Wilborn had a prior conviction. What it didn't do is give notice that it would seek the enhancement under the sentencing portion of the UUW felon statute in order to elevate him from the Class III version of that offense up to the enhanced version of Class II UUW. The language of the UUW statute that elevates his conviction, or yes, his classification of offense, is in the sentencing portion of that statute. That indicates that this is a sentencing enhancement, not something that concerns an elementary offense. So despite counsel's arguments that 111-3C doesn't apply, it does in this case under the reasoning of Easley, under the plain language of that statute itself. How do you read the second sentence, the however clause? The second sentence of Section 111-3C states that when a prior conviction is the element of the offense, this section doesn't apply. The prior conviction that Mr. Wilborn's conviction was based on was aggravated battery. And that was properly pled. That goes to an essential element that's defined in subsection A of the unlawful use of a weapon by a felon statute. Only in subsection E, which is entitled sentencing, does the statute go on and say that a prior forcible felony can elevate a defendant's conviction from the Class III to the Class II level of offense. That means that in order to pursue that enhancement that appears in the sentencing portion of that statute, the State had to give notice that it was using that prior conviction not only as an essential element of the offense, but also as an enhancing factor to boost his conviction level up. And I'd point out that if the State is basically saying that the second sentence of Section 111-3C means that it doesn't apply, well, that would seem to conflict with the notion that this isn't an impermissible double enhancement. For if it acted as the basic essential element of the prior conviction that justified the conviction in the first place, then it also can't be used to elevate the offense from the Class III to the Class II range. So for those reasons, I ask that this Court vacate Mr. Wilborn's Class III conviction and remand for resentencing for Class III sentencing. Thank you very much, Mr. Payne. I want to compliment Mr. Payne and Mr. Walters on their briefs, on their arguments. This matter will be taken under advisement, and this Court stands in recess.